

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. T. D. Brooks, Dean
The Graduate School
Agricultural and Mechanical
College of Texas
College Station, Texas

Dear Sir:

> Opinion No. O-1135
> Re: Expenditure of scholarship
> aid appropriation for negro
> students. H. B. No. 255,
> 46th Legislature.

We are in receipt of your letter of July 15, 1939, in which you submit the following questions concerning the proper construction and application of Item 102, Prairie View State Normal and Industrial College, Appropriation in H. B. No. 255, Forty-sixth Legislature, appearing at page 4241 of the House Journal, Forty-sixth Legislature.

> "1. Are we permitted to pay expenses incurred in the making of these awards after September 1, 1939, from this fund? These expenses will be travel cost in attending necessary meetings of the Committee, the printing of forms, postage, etc. No expenses for salaries, wages, or per diem are in prospect.

> "2. Can any part of the awards be paid to the student in advance of his expenditures for travel and tuition to provide aid in making such expenditures, or must the awards be paid to the student in partial reimbursement for expenditures already made by him?

> "3. The Committee would like to fix the amount of each individual award to provide (1) the difference between tuition costs in the out-of-state institution which the student is to attend (the maximum, however, not to be in excess

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mr. T. D. Brooks, Page 2

of such tuition costs in out-of-state institu-
tions which correspond to the institutions in
which Texas makes provision for white students)
and those in a State supported institution for
negroes in Texas; (2) the difference in travel
cost for one round trip for each award; and (3)
a small percentage addition to cover incidental
increased expense. Does the Committee have
authority to determine awards in this manner?

"4. The Committee anticipates that there
will be a few applicants of exceptional merit
as evidenced by their academic record and pre-
sent service to their race, who cannot secure
the further training they need with no greater
aid than an award determined as indicated above.
If the fund appropriated permits, can the Com-
mittee make supplementary awards in such cases?"

Item 102 of the appropriation for the Prairie
View State Normal and Industrial College, H. B. No. 255,
Forty-sixth Legislature, reads as follows:

"102. Scholarship aid to qualified
Negro students who have been
residents of Texas more than
eight years for graduate and
professional study in approv-
ed colleges or universities
outside of Texas; schools and
students to be selected by a
committee composed of the dean
of the graduate schools of A.
& M. College, University of
Texas, and the Dean of Sam
Houston State Teachers Col-
lege ......................$ 25,000.00 $ 25,000.00."

It was no doubt contemplated and intended by the
Legislature that the proper supervision and administration
of the appropriation set out above would necessarily re-
quire a certain amount of incidental expenses of the nature
mentioned in your first question. However, we have been
unable to find any specific appropriation to meet the cost
of printing forms, postage, necessary expenses in attend-
ing meetings, etc. In the absence of the specific alloca-
tion of moneys to defray these reasonable and necessary

Mr. T. D. Brooks, Page 3

expenses, the imposition of the duty to properly adminis-
ter and disburse the fund would carry with it by implica-
tion the power to pay such expenses as are reasonably
necessary to accomplish the purpose for which the appro-
priation in item 102 was made.

With reference to your second, third and fourth
questions, the act provides no direction to the committee
or limitation upon the method used by it in determining
the amount which should be awarded for each individual
scholarship, or when and how such payments should be made.
Apparently, the Legislature in selecting the members of
the committee to administer this scholarship aid fund,
attempted to select individuals, who from their experience
and wise discretion could determine questions of this na-
ture and formulate such policies as would secure the
greatest benefit to the State in keeping with the purpose
of the appropriation.

In answer to your first question it is our opin-
ion that under the wording of the Act such incidental ex-
penses as are reasonable and necessary to the proper admin-
istration of the above mentioned appropriation may be paid
from such fund.

In answer to your second question, it is our
opinion that the limitations in the Act upon making the
awards are such that they may be paid to students in ad-
vance to provide aid in making such expenditures, under
the direction of the committee.

It is our opinion, in answer to your third and
fourth questions, that the committee may under the wording
of the Act, fix the amount of each individual award in
the manner suggested by your question, or by some other
formula if considered desirable by the committee, and that
supplementary awards may be made within the judgment of
the committee.

You have not raised the question and we there-
fore do not consider or express an opinion concerning the
validity of the above appropriation.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 7, 1939

ATTORNEY GENERAL OF TEXAS

CCC-MR

APPROVED by
OPINION
COMMITTEE
BY
CHAIRMAN

Cecil C. Cammack
Assistant